1  Thomas J. Nolan (SBN 48413)
   Emma Bradford (SBN 233256)
2  Nolan, Armstrong & Barton LLP
3  600 University Ave.
   Palo Alto, CA 94301
4  Tel. (650) 326-2980  Fax (650) 326-9704

5  Counsels for Defendant Adriana Stumpo

6

7

8                  UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

| | |
|---|---|
| 11  UNITED STATES, | Case No. CR 09-263 RMW |
| 12              Plaintiff, | **STATUS CONFERENCE** |
| 13         v. | **MEMORANDUM OF ADRIANA STUMPO** |
| 14 | |
| 15  JOSEPH BUDDENBERG; | **Date: April 5, 2010** |
|     MARYAM KHAJAVI; | **Time: 9.00 a.m.** |
| 16  NATHAN POPE, and | **Court: R.M. Whyte** |
| 17  ADRIANA STUMPO, | |
|                  Defendants. | |
| 18 | |

19       Thomas J. Nolan and Emma Bradford, attorneys for Adriana Stumpo, respectfully submit
20 this status conference memorandum regarding the above-entitled action.
21       Ms. Stumpo is one of four defendants in the above-entitled action.  Thomas J. Nolan, who
22 is being assisted by Emma Bradford, was appointed under the CJA.  Mr. Pope was also appointed
23 a CJA attorney, James M. Thompson.  Mr. Buddenburg is represented by Mr. Robert Bloom and
24 Ms. Khajavi is represented by Tony Serra.  The prosecutor in the matter is AUSA Elise Becker.
25 All four defendants will be present in court for status conference scheduled for April 5, 2010, at
26 9:00 am.  All four defendants are out of custody on pretrial supervision.  The case has previously
27

28 **STATUS CONFERENCE MEMORANDUM**
   *United States v. Buddenberg*, CR 09-263 RMW
                               1

1   been declared complex.  This status conference memorandum is submitted solely on behalf of Ms.

2   Stumpo and counsel intends to make no representations on behalf of any other defendant.

3   **DISCOVERY**

4   AUSA Becker has been diligently providing discovery as she has received it.  At the

5   present time, we have received 3,030 pages of discovery.  The last 250 pages of discovery was

6   received by our office on March 12, 2010.  Our office has been entering the discovery into a

7   database for review.  We have provided and will continue to provide the database to the other

8   defendants and their counsel.

9   Some of the difficulties regarding the discovery have to do with the fact that numerous

10  activities were documented by local police departments over a period of years and those reports

11  have been, in many instances, given to the federal authorities.  In many instances, however, the

12  reports are being discovered as we proceed in the case.  We have located approximately 150 or

13  more individual case numbers possibly relevant to this case.  In each of those case numbers, there

14  are references to photographs, tapes, videos, or other items of evidence or potential evidence that

15  we are in the process of either documenting that we have been provided, or making arrangements

16  with the government to obtain.  My office has reviewed each page of discovery and prepared a

17  lengthy letter to the prosecutor which will hopefully be completed by April 5, 2010, asking for

18  either unredacted copies of discovery and/or those items that are referenced in the discovery we

19  have already received.

20  We have had no difficulty with the government in expeditiously proceeding with obtaining

21  the discovery. We will continue to work ensure that we have the discovery necessary.  To date, no

22  motions regarding discovery have needed to be filed.

23  **MOTIONS**

24  Ms. Stumpo has previously filed a motion to dismiss the Indictment on the grounds that the

25  statute is unconstitutional on its face and the Court has ruled on that motion.  Ms Stumpo is

26  anticipating filing a motion to dismiss the Indictment on the grounds that the statute is

27  unconstitutional as applied to her.  In anticipation of that motion and in anticipation of preparing

28  **STATUS CONFERENCE MEMORADUM**
*United States v. Buddenberg*, **CR 09-263 RMW**

**2**

1  for trial, counsel for Ms. Stumpo prepared a motion for a bill of particulars.  Before filing that
2  motion, however, counsel for Ms. Stumpo made an informal request to the prosecutor for specific
3  information as a prerequisite to filing a motion for a bill of particulars.  AUSA Becker has notified
4  counsel that she intends to file a bill of particulars no later than April 9, 2010.
5        In light of that assurance by AUSA Becker, Ms. Stumpo has delayed filing a motion for a
6  bill of particulars until after April 9, 2010, to determine whether that motion may still prove
7  necessary.  Ms. Stumpo has additionally not yet filed the motion to dismiss the Indictment on the
8  grounds that the statute is unconstitutional as applied to her, as a review of the government's bill
9  of particulars and determination of other pretrial motions may be necessary before doing so.
10       As such, Ms. Stumpo simply wishes to alert the Court to motions which may be
11 forthcoming, but for which the filing of such motions is not yet appropriate.

**ADDITIONAL MOTIONS**

13 There are however, certain additional motions which counsel for Ms. Stumpo believes may
14 be ready to be addressed.  Ms. Stumpo is preparing two motions to suppress evidence based upon
15 a state search warrant and a federal search which were issued in this case.  Those motions will be
16 ready to be filed approximately three weeks after April 9, 2010.  At the present time, it appears
17 that both of Ms. Stumpo's suppression motions will be based on the affidavits in support of the
18 search warrants and will not require an evidentiary hearing.
19       It is anticipated that prior to April 5, 2010, counsel for Ms. Stumpo will discuss with the
20 prosecutor, who is presently out of the country, an appropriate briefing schedule, hopefully
21 agreeable to the court.
22       In addition to the suppression motions, there are significant issues that both the prosecution
23 and Ms. Stumpo would like to see resolved as early as possible before trial.  There are issues
24 regarding the admissibility of evidence, jury instructions, and the nature of the mental states which
25 the government may be required to prove.  Before counsel can determine how many, if any, of
26 those pre-trial motions need to be filed, we must review the bill of particulars, in that the bill of
27 particulars may resolve some of those issues, without the necessity of a formal motion.

28 **STATUS CONFERENCE MEMORADUM**
*United States v. Buddenberg*, CR 09-263 RMW

**3**

If the issues are not resolved by the bill of particulars, however, Ms. Stumpo will be ready within three weeks of receiving the bill of particulars, to file those pre-trial motions. I believe that the prosecutor also wishes these issues to be resolved. Moreover, due to the fact that this is the first implementation of this statute that we are aware of, I believe it is important to try to resolve these matters at an early stage in the proceedings.

Counsel for the co-defendants may have other motions to dismiss or motions for other relief, however, at the present time, Ms. Stumpo is not aware of any motions that she may have to file in this matter, other than what has been stated in this memorandum.

Date:   April 1, 2010                            Respectfully submitted,

/s/

_____

Thomas J. Nolan
Emma Bradford
Nolan, Armstrong & Barton, LLP
Attorneys for Defendant Adriana Stumpo

**STATUS CONFERENCE MEMORADUM**
*United States v. Buddenberg*, **CR 09-263 RMW**

**4**