Thomas J. Nolan, SBN 48413
Emma Bradford, SBN 233256
NOLAN, ARMSTRONG & BARTON LLP
600 University Avenue
Palo Alto, CA 94310
Telephone:   (650) 326-2980
Facsímile:   (650) 326-9704

Counsel for Defendant Adriana Stumpo

Matthew Struger
Rachel Meeropol, *pro hac vice*
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>  v.<br><br>ADRIANA STUMPO,<br><br>  Defendant. | Case No CR 09-263 RMW<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 7, 2010<br>Time: 9:00 a.m.             .<br>Dept: Ctrm 6, 4th Floor, Hon. R. M. Whyte |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………..………………………....ii, iii

NOTICE OF MOTION AND MOTION……………………………………………….2

    I.      STATEMENT OF FACTS…………………………………………...3

    II.     ARGUMENT……………………………………………………...3

        A. The Indictment is Insufficient and Must Be Dismissed……………..3

        B. The Indictment Renders Legal Sufficiency Review
           by the Court Impossible……………….…………………………….6

    III.    CONCLUSION………………………………………………....…11

# **TABLE OF AUTHORITIES**

**Cases:**

*Arizona Right to Life PAC v. Bayless*
  320 F.3d 1002 (9th Cir. 2003) ..………………………..…………………………..8

*Collins v. United States*
  253 F. 609 (9th Cir. 1918)…………………………………..…………………………..6

*Commonwealth v. McCance*
  164 Mass. 163 (Sup. Jud. Ct. Mass 1895)……………………..…………………...9

*Hamling v. United States*
  418 U.S. 87 (1974)……………………………………………..…………………………..5

*Lowenburg v. United States*
  156 F.2d 22 (10th Cir. 1946)……………………..……………..…………………4, 5

*Russell v. United States*
  369 U.S. 749 (1962)…………………………..………..……………………….4, 5, 10

*United States v. Alkhabaz*
   104 F.3d 1492 (6th Cir. 1997)…..………………………..…………………………8

*United States v. Anderson*
  No. 00-CR-14, 2000 U.D. Dist. LEXIS 4445 (N.D.N.Y. March 30, 2000)……………..8

*United States v. Baker*
  890 F. Supp 1375 (E.D. Mich 1995)……………………………..…………………8

*United States v. Carrier*,
  672 F.2d 300 (2d Cir. 1982)………………………………………………………......10

*United States v. Cecil*
  608 F.2d 1294 (9th Cir. 1979)…..……………………………..……………………...5

*United States v. Cruikshank*
  92 U.S. 542 (1876)..……………………………..……..…..…………………………..4, 9

*United States v. Cuevas*
  285 Fed. Appx. 469 (9th Cir. 2008)..……………………..………………....……5

*United States v. Farinas*
     299 F. Supp. 852 (S.D.N.Y. 1969)…...……………………..……………………9

*United States v. Fleming*
   215 F.3d 930 (9th Cir. 2000)…..………….….…………………........4, 6

*United States v. Landham*
   251 F.3d 1072 (9th Cir. 2001)…..………….….…………………......8

*United Sates v. Maggitt*
   784 F.2d 590 (5th Cir. 1986)…………………..……………….….....6

*United States v. Nance*
   533 F.2d 599 (D.C. Cir. 1976)..……………….………...….……………6, 10

*United States v. Simplot*
   192 F.Supp. 734 (D. Utah 1961),……………..………..……………………..4, 5

*United States v. Syring*
   522 F. Supp.2d 125 (D.D.C. 2007)……………….….……………………8

*United States v. Wagner*
   No. 83-CR-122, 1984 U.S. Dist. LEXIS 20481, (N.D.N.Y. Jan 12, 1984)……….…5, 10

*United States v. White*
   638 F. Supp.2d 935 (N.D. Ill. 2009)………………….…………………………8

**Other Authorities:**

18 U.S.C. §43……………………………………….…...…………………...………3

18 U.S.C. §371…………………………………………………….……...…………8

18 U.S.C. §373………………………………………………………….……...………3

Fed. R. Crim. P. 7(c)..……………………………………………….……………3

Wright & Leipold, Federal Practice and Procedure
   Criminal 4th §125……………………………………….……………….…..10

**TABLE OF AUTHORITIES**                       iii

1 **NOTICE OF MOTION AND MOTION**

2 PLEASE TAKE NOTICE that on June 7, 2010 at 9.00 a.m., or as soon thereafter as the

3 matter may be heard, in the above entitled department, before the Honorable Judge Ronald M.

4 Whyte, Defendant Adriana Stumpo, through counsel, will move this Court for an order dismissing

5 the indictment.

6 This motion is based on this notice, the memorandum of points and authorities in support

7 thereof, any exhibits, pleadings, and documents on file in this matter, and any additional evidence

8 and argument as may be presented at the hearing on this motion.

Respectfully submitted,

NOLAN, ARMSTRONG & BARTON, LLP

Dated: April 30, 2010                                /s/
                                          Thomas J. Nolan, Esq.
                                          Emma Bradford, Esq.
                                          Attorneys for Defendant
                                          Adriana Stumpo

Dated: April 30, 2010                                /s/
                                          Rachel Meeropol, *pro hac vice*
                                          Center for Constitutional Rights

**DEENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT**
*United States v. Stumpo*, CR 09-263 RMW                      2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

On March 12, 2009, the Government filed an indictment charging Joseph Buddenburg, Maryam Khajavi, Nathan Pope a.k.a. Nathan Knoerl and Adriana Stumpo, with one count of violating 18 U.S.C. § 371 (*conspiracy*) and one count of violating 18 U.S.C. § 43 (*force, violence and threats involving animal enterprises*).

The indictment alleges that as to Count 1, from approximately October 2007 through July 2008, the Defendant together with her co-defendants, Joseph Buddenburg, Maryam Khajavi, and Nathan Pope, conspired to violate 18 U.S.C. § 43.  The indictment sets forth three alleged overt acts are in support of that conspiracy.

Count 2 of the indictment alleges that from approximately October 2007 through July 2008, the Defendant together with her co-defendants, violated 18 U.S.C. § 43.  Count 2 of the indictment in its entirety states: "From in or about October 2007 through in or about July 2008, in the Northern District of California, the defendants, Joseph Buddenburg, Maryam Khajavi, Nathan Pope a/k/a. Nathan Knoerl, and Adriana Stumpo, conspired to use and caused to be used a facility of interstate commerce for the purpose of damaging and interfering with the operations of an animal enterprise, and in connection with that purpose, did intentionally place a person in reasonable fear of death of, and serious bodily injury to that person, a member of the immediate family of that person, and a spouse and intimate partner of that person by a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment, and intimidation, in violation of Title 18, United States Code, Section 43."  The indictment is dated March 12, 2009.

## II.   ARGUMENT

**A. The Indictment is Insufficient and Must be Dismissed.**

Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment include a "plain, concise, and definite written statement of the essential facts constituting the offense charged…".  Fed. R. Crim. P. 7(c).  This statement of essential facts is necessary to provide a defendant with notice of the charges against him, so that he can adequately defend himself.

*Russell v. United States,* 369 U.S. 749, 763 (1962); *United States v. Fleming*, 215 F.3d 930 (9th Cir. 2000). It guarantees not only that a defendant is forewarned against a surprise at trial, but also ensures that a defendant is prosecuted on the same facts as presented to the grand jury, and informs the court of the facts alleged to comprise the criminal act, so that the court can decide if those facts are sufficient in law to support a conviction, should one result. *Russell, supra,* 369 U.S at 768.

Indictments that merely track the language of a given statute may sometimes be adequate, but "where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species,--it must descend to particulars.'" *Id.* at 764, *quoting, United States v. Cruikshank*, 92 U.S. 542, 558 (1876). An indictment that merely recites statutory language is insufficient unless "such words themselves, without uncertainty, set forth all essential elements to constitute the crime intended to be punished." *United States v. Simplot*, 192 F. Supp. 734 (D. Utah 1961) *cited with approval in Russell, supra*, 369 U.S. at 766 n. 13.

The Supreme Court was squarely presented with the question of the sufficiency of an indictment in *Russell v. United States,* 369 U.S. 749, 763 (1962). There, six people were convicted for failure to answer certain questions when summoned before a Congressional subcommittee. *Id.* at 752. Their indictments listed the relevant questions and answers verbatim, but did not identify the subject matter under inquiry by the subcommittee. *Ibid*. The Supreme Court found the indictments insufficient to provide notice, as "the very core of criminality under [the charging statute] is pertinency to the subject under inquiry of the questions which the defendant refused to answer. What the subject actually was, therefore, is central to every prosecution under the statute." *Id.* at 764. The Court concluded that "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id.* at 765.

Before and after *Russell*, the federal courts have enforced this specificity requirement in myriad situations. Thus in *Lowenburg v. United States*, 156 F.2d 22 (10th Cir. 1946) a serviceperson was indicted for unlawfully failing to perform assigned duties. The indictment

**DEENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT**
*United States v. Stumpo*, CR 09-263 RMW         4

1   identified a four-day period within which the alleged failure occurred, and named the Director

2   who sought to assign duties to the defendant. *Id.* at 22. It did not, however, list what work or

3   duties the defendant failed to perform. *Id.* at 23. The Tenth Circuit reversed the conviction,

4   characterizing the indictment as "wholly insufficient to apprise [the defendant] of the specific

5   offense with which he is charged or which he is expected to meet, so as to enable him to prepare

6   his defense thereto…". Similarly, in *United States v. Cecil,* 608 F.2d 1294 (9th Cir. 1979) the

7   Ninth Circuit reversed a conspiracy conviction related to marijuana distribution because the lack

8   of factual detail within the indictment prevented the defendants from being placed on notice of the

9   nature of the charges against them.

10         In the context of an indictment for threats or intimidation, Rule 7 requires the United States

11   to identify, or at least summarize, the actual words and/or expressive conduct that form the basis

12   for the charge. In *United States v. Wagner*, No. 83-CR-122, 1984 U.S. Dist. LEXIS 20481, *2

13   (N.D.N.Y  Jan 12, 1984), for example, the indictment in question alleged that, on a specific date,

14   the defendant, "by threats of force, did endeavor to intimidate and impede George Checksfield, an

15   officer and employee of the Internal Revenue Service, while said George Checksfield was acting

16   in an official capacity under the Internal Revenue Code." The United States defended this

17   indictment as tracking the statutory language, and thus sufficient to apprise the defendant of the

18   essential elements of the offense. *Id.* at * 3. The Court disagreed, reasoning that:

19   > …like the offense in *Russell,* the offense here is one that depends crucially upon a specific identification of fact: what Wagner said or did that constituted the threat of
20   > force. Identification of the threat is necessary to comply with the requirement of *Hamling*, that the statutory language be accompanied by allegations that 'will
21   > inform the accused of the specific offense, coming under the general description, with which he is charged.
22   

23   *Id.* at *3, *citing, Hamling v. United States,* 418 U.S. 87, 118 (1974).

24         In a similar fashion, prosecutions based on perjury or false statements require identification

25   of the relevant statement in the indictment. *See Russell,* 369 U.S. at 766 n. 13, *citing*, *United

26   States v. Simplot*, 192 F. Supp. 734 (D. Utah 1961) (dismissing perjury indictment that provided

27   subject matter and date of alleged perjury, but did not indicate which portion of the testimony was

28   false, or provide the words or substance of the false testimony). *See also, United States v. Cuevas*,

**DEENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT**
*United States v. Stumpo*, CR 09-263 RMW            5

285 Fed. Appx. 469 (9th Cir. 2008) (indictment for making a false statement to a federal officer dismissed as insufficient for failure to identify the allegedly false statement); *United States v. Nance*, 533 F.2d 699 (D.C. Cir. 1976) (indictment for obtaining something of value by false pretenses with intend to defraud dismissed as insufficient where indictment provided detail as to the name of the victim, date of the allegedly false representation, amount involved and date the sum was paid, but neglected to indicate the content of the false representation).

In contrast, in *United States v. Fleming*, 215 F.3d 930 (9th Cir. 2000), the court found sufficient an indictment for endeavoring to influence, intimidate, and impede a judicial officer in discharge of his duties.  That indictment indicated the means by which the alleged intimidation occurred, to wit: by attempting to file a ten million dollar lien on a Judge's house. *Id.* at 935.  Similarly, in *United States v. Maggitt*, 784 F.2d 590, 598 (5th Cir. 1986) the court found a perjury indictment sufficient to withstand a motion to dismiss because it included the "precise character of the threat."

### B. The Indictment Renders Legal Sufficiency Review by the Court Impossible.

These applications of Rule 7 not only ensure that a defendant is put on notice of the actual conduct that is alleged to be criminal, but also provide a means for the Court to review that conduct and determine if it may be punished consistent with the First Amendment. *Collins v. United States* 253 F. 609 (9th Cir. 1918) ("Where a statute declares that certain or specific acts, or the doing of certain things, shall constitute an offense, it is always necessary to state what the accused did whereby he transgressed the law, in order that he may be advised of the specific charge made against him … and, further, to advise the court of the facts relied on for conviction, so that it may determine whether they are sufficient in law to support the charge.")

Strict application of the requirement is especially important where the legal sufficiency of an indictment is in question, as it ensures that a court may review sufficiency pre-trial.  The lack of specificity in the instant indictment renders legal sufficiency review by the Court impossible.  The criminal complaint, recently filed bill of particulars, and the government's prior briefing in this case all suggest that the defendants here are being prosecuted, at least in part, for speech and expressive conduct in the course of a series of public demonstrations and leafleting.

The complaint alleges that on October 21, 2007, a group of protesters trespassed on "Professor Number 1's" front yard and that the group was chanting animal slogans, including "1, 2, 3, 4, open up the cage door; 5, 6, 7, 8, smash the locks and liberate; "9, 10, 11, 12, vivisectors go to hell," and "you're a fucking murderer," "fuck you," and "you're a murderer."

The complaint next alleges that on January 27, 2008, demonstrations took place in El Cerrito, at the University of California, Berkeley, Professor Number 2's home; and at U.C. Berkeley Professors' Number 3, 4, 5 and 6 homes in Berkeley, and at U.C. Berkeley Professor Number 1's house in Oakland. The complaint alleges that at each residence "the individuals, dressed generally in all black clothing and wearing bandanas over their nose and mouth, marched, chanted, and chalked inflammatory comments on the public sidewalks in front of the residences." The complaint alleges that the individuals chanted slogans such as "9, 10, 11, 12, vivisectors go to hell," "murderer, leave town, terrorists, leave town, animal abuser, leave town," and "what goes down comes around, burn U.C. Berkeley vivisection to the ground" and "we'll never back down until you stop your killing."

In the Government's Opposition to Defendant's Motion to Dismiss filed June 15, 2009, the Government alleges that "the defendants are accused of chanting slogans such as "1, 2, 3, 4, open up the cage door; 5, 6, 7, 8, smash the locks and liberate; 9, 10, 11, 12, vivisectors go to hell," and "we will never back down until you stop your killing." The Government also alleges that "the defendants are also accused of creating a flyer titled 'Murderers and torturers alive & well in Santa Cruz July 2008 edition' and 'animal abusers everywhere beware we know where you live we know where you work we will never back down until you end your abuse.'" The bill of particulars also cites to approximately 21 police reports which themselves contain numerous alleged statements, some of which are included in the criminal complaint, but many of which are not.

Defendants intend to make further motions to dismiss on First Amendment grounds on the basis that the speech and expressive conduct outlined above, for example, cannot be punished because it does not amount to "true threats," and thus is protected. It is routine for a court to hear such a defense at the pre-trial stage. Consideration of this argument requires the reviewing court to

**DEENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT**
*United States v. Stumpo*, CR 09-263 RMW                    7

examine the speech and/or expressive conduct at issue, and determine if a jury could possibly find it to be a true threat.

For example, in *United States v. Landham*, 251 F.3d 1072 (9th Cir. 2001), the Sixth Circuit reversed a conviction for a threat to kidnap after reviewing the alleged threat (as recited in the indictment) and holding it could not be found to be a true threat, and was thus protected by the First Amendment. *See also United States v. White*, 638 F. Supp. 2d 935 (N.D. Ill. 2009) (dismissing indictment under 18 U.S.C. § 373 for soliciting another person to harm the foreperson of the jury that convicted white supremacist Matthew Hale after examining exact language of allegedly threatening website posts, as included in the indictment, and finding the posts protected by the First Amendment); *United States v. Syring*, 522 F. Supp. 2d 125 (D.D.C. 2007) (examining alleged threatening statement to determine if indictment should be dismissed because no reasonable jury could find the language amounted to a true threat); *United States v. Anderson*, No. 00-CR-14, 2000 U.S. Dist. LEXIS 4445 (N.D.N.Y. March 30, 2000) (reviewing indictment for mailing threatening communication to determine whether alleged statement was a true threat and thus could go to a jury); *United States v. Baker*, 890 F. Supp. 1375 (E.D. Mich 1995) (dismissing indictment for transmitting threats to injure or kidnap another after examining language of the allegedly threatening emails and finding protected by First Amendment) *aff'd on other grounds sub nom. United States v. Alkhabaz*, 104 F.3d 1492 (6th Cir. 1997).

In each of these cases, the court's threshold determination of whether allegedly threatening words could be punished as true threats was dependent upon the actual language of the statement, *as included in the indictment.* Here, the indictment gives no indication regarding what speech or conduct constitutes the alleged threats, harassment and intimidation, so the Court has no way to conduct a meaningful review for legal sufficiency.

The grand jury may have indicted in full or partial reliance on Defendants chants' of "vivisectors go to hell" and "you're a fucking murderer" (Criminal Complaint at ¶ 6) but such statements are likely protected by the First Amendment (*see, e.g., Arizona Right to Life PAC v. Bayless*, 320 F.3d 1002, 1004 n.1 (9th Cir. 2003) (noting that Lincoln was called a "Knave, Lunatic and Murderer" as example of protected political speech) and thus cannot form the basis of

an indictment consistent with the First Amendment. "[W]here an indictment condemns an act belonging to a species of conduct, which species includes other acts not amounting to indictable offenses, it is not sufficient that the indictment merely identified the species in general but, rather, it must particularize the act or acts which, if alleged, constitute the offense charged, so that the court can be assured the indictment charges conduct which is, in fact, prohibited by law." *United Sates v. Farinas*, 299 F. Supp. 852, 854 (S.D.N.Y. 1969) (internal citations omitted).

Some speech and expressive conduct alleged to have been undertaken by the defendants may be fairly characterized as harassing, rude or unpleasant, but it may not form the basis for a conviction under the AETA unless it amounts to a true threat.  Because the indictment here is so general as to prohibit inquiry by the Court into a potential First Amendment bar to prosecution, the indictment fails and must be dismissed. *See United States v. Cruikshank*, 92 U.S. 542 (1876) (dismissing as insufficient an indictment charging defendants with banding together and conspiring to injure, oppress and intimidate two black men with intent to prevent them from enjoyment of rights and privileges guaranteed by the Constitution.  As it was the law at that time that only certain of the Bill of Rights constrained the power of the States, and the indictment did not specify which rights were at issue, the Court could not determine from the indictment whether the charge, if proven, would support a conviction as a matter of law).

The instant indictment also fails to provide detail sufficient to ensure that, if a conviction results, that conviction will have been based on the same facts as were presented to the Grand Jury. *Compare Commonwealth v. McCance,* 164 Mass. 163, 165 ( Sup. Jud. Ct. Mass 1895) (in obscenity prosecution "parts of the book which the grand jury find obscene, indecent, and impure, should be described or referred to in the indictment so specifically that they can be indentified by the evidence ….In the present indictment it cannot be known that the defendant has not been indicted upon evidence relating to certain parts of the book, and convicted upon evidence relating to other parts.")

//

//

//

**DEENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT**
*United States v. Stumpo*, CR 09-263 RMW                    9

Finally, it is important to note that a failure of specificity in the indictment cannot be cured by a bill of particulars[1] as that would "deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Russell, supra*, 369 U.S. at 770; *United States v. Fleming*, 215 F.3d 930, 935 (9th Cir. 2000) ("It is well-settled … that a bill of particulars cannot cure an otherwise invalid indictment.").

For that reason, in *United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976), the D.C. Circuit gave no weight to the defendant's failure to request a bill of particulars, even though that bill might have apprised the defendant of the alleged false pretenses giving rise to the charges against him. The court found that no bill of particulars could save the insufficient indictment, because "absent any allegation whatsoever in the indictment as to what the false pretenses were, the United States Attorney would have a free hand to insert the vital part in the indictment without reference to the grand jury. The law does not invest him with such authority." *Id.*, *see also Wagner, supra*, 1984 U.S. Dist. LEXIS 20481 at * 7 (rejecting government's contention that bill of particulars can cure an indictment for intimidation by threat, where indictment is found insufficient for failure to specify the nature of the threat); Wright & Leipold, Federal Practice and Procedure: Criminal 4th § 125, p. 572 (noting the Supreme Court's clear statement in *Russell* that an invalid indictment cannot be saved by a bill of particulars).

//
//
//
//

---

[1] And of course, even if it could, the bill of particulars submitted in this case could hardly cure the indictment's deficiency, as it provides few more "particulars" than does the indictment. A more specific bill of particulars, like that sought by Defendant Pope, may allow a defendant to make a motion to dismiss prior to trial, through use of the factual content within the bill. But even that potential use does not vitiate the established rule that a bill of particulars will not save an invalid indictment. *United States v. Carrier*, 672 F.2d 300 (2d Cir. 1982).

**DEENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT**
*United States v. Stumpo*, CR 09-263 RMW       10

## II. CONCLUSION

For the foregoing reasons, the indictment against defendant Adriana Stumpo should be dismissed.

                                  NOLAN, ARMSTRONG & BARTON, LLP

Dated:  April 30, 2010                      /s/
                                  Thomas J. Nolan, Esq.
                                  Emma Bradford, Esq.
                                  Attorneys for Defendant
                                  Adriana Stumpo

Dated:  April 30, 2010                      /s/
                                  Rachel Meeropol, *pro hac vice*
                                  Center for Constitutional Rights