JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ELISE BECKER (NYSBN 2540730)
GRANT P. FONDO (CSBN 181530)
Assistant United States Attorneys

   450 Golden Gate Avenue
   San Francisco, California  94102
   Telephone: (415) 436-7200
   Facsimile: (415) 436-7234
   Emails: elise.becker@usdoj.gov
          grant.fondo@usdoj.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSEPH BUDDENBERG, ) <br> MARYAM KHAJAVI, ) <br> NATHAN POPE, A/K/A NATHAN KNOERL, ) <br> ADRIANA STUMPO, ) <br> ) <br> Defendants. ) <br> ) | CR 09-263 RMW <br><br> UNITED STATES' OPPOSITION TO MOTIONS TO DISMISS AND BILL OF PARTICULARS <br><br> Date:  June 7, 2010 <br> Time:  9:00 a.m. <br> Court: Hon. R. Whyte |

## INTRODUCTION

The defendants move to dismiss the indictment on the grounds that it fails to provide adequate notice of the charges against them, fails to provide sufficient facts for them to prepare a defense, fails to provide detail so as to permit them to plead double jeopardy in a subsequent proceeding, and fails to provide facts necessary for the Court to determine its legal sufficiency. In addition, defendant Pope moves for an amended bill of particulars, arguing that the bill of particulars that the government filed on April 9, 2010, has the same flaws as the indictment.  For

U.S. OPPOSITION TO MOTIONS TO DISMISS AND FOR BILL OF PARTICULARS
CR 09-263 RMW

the reasons set forth below, the defendants' motions to dismiss the indictment and for a bill of particulars should be denied.  The indictment, the existing bill of particulars, and the discovery that the government has already produced provide the defendants with more than sufficient notice of the charges against them and the information they need to prepare for trial.

**ARGUMENT**

**I.   The indictment and bill of particulars**

Defendants are charged with conspiracy to use a facility of interstate commerce to damage and interfere with the operations of an animal enterprise, in violation of 18 U.S.C. § 371, and using a facility of interstate commerce to damage or interfere with an animal enterprise, in violation of 18 U.S.C. § 43.  *See* Declaration of Elise Becker, Exh. 1.  Section 43 provides in pertinent part:

> Whoever…uses or causes to be used the mail or any facility of interstate or foreign commerce–
>
> > (1) for the purpose of damaging or interfering with the operations of an animal enterprise; and
> >
> > (2) in connection with such purpose–
>
> * * *
>
> > (B) intentionally places a person in reasonable fear of the death of, or serious bodily injury to that person, a member of the immediate family…of that person, or a spouse or intimate partner of that person by a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment or intimidation

commits a federal offense.  Section 43(e)(1) provides that the statute does not "prohibit any expressive conduct…protected from legal prohibition by the First Amendment to the Constitution."

Count One, the conspiracy count, alleges that the conspirators committed three overt acts:

A.   On or about October 21, 2007, defendants BUDDENBERG, POPE, STUMPO, and others known and unknown to the Grand Jury, engaged in acts involving threats, criminal trespass, harassment, and intimidation at a bio-medical researcher's residence in the East Bay;

B.   On or about January 27, 2008, defendants BUDDENBERG, KHAJAVI, POPE, STUMPO, and others known and unknown to the Grand Jury, engaged in acts involving threats, harassment, and intimidation at several bio-medical researchers' residences in the East Bay;

   C. On or about July 27, 2008, defendants POPE, STUMPO, and another person known to the Grand Jury, used the Internet to find information on bio-medical researchers at the University of California, Santa Cruz.

Indictment at 2.

In response to a request by defendants Stumpo and Pope, the government provided defendants with a bill of particulars. *See* Declaration of Elise Becker, Exh. 2. The bill of particulars explained "[t]he government's theory" to be that

> the following facts constitute a course of conduct committed for the purpose of damaging or interfering with the operations of the University of California (UC), an academic enterprise that uses animals for research, which intentionally placed or attempted to place the following individuals in reasonable fear of the death or serious bodily injury to that person or their family, and that the following acts were committed by one or more of the defendants in furtherance of the conspiracy.

Bill of Particulars at 1-2. The bill then lists eight events that, the government alleges, constitute the defendants' "course of conduct." For each event, the bill of particulars states the date it occurred, the defendants who participated in it, and the initials of the victims. In addition, for each event, the government alleges the acts prohibited by Section 43 that the defendants committed. Finally, for each event, the bill refers to police reports that detail the incident. Those reports were provided to the defendants in discovery and reveal the names of the victims and details concerning the incidents listed in the bill of particulars.

For example, for the first incident on October 21, 2007, the bill of particulars states that Buddenberg, Pope, and Stumpo "engaged in threats, trespassing, harassment, and intimidation against L.B. and his family, as reflected in UC Berkeley Police Department case number 07–04650 and El Cerrito Police Department case number 2007-19698." The bill of particulars makes clear that the government does not allege that Khajavi participated in this incident or that Buddenberg, Pope, and Stumpo engaged in "vandalism."

Similarly, for the fourth described incident, on February 17, 2008, the bill states that Khajavi, Pope, and Stumpo "engaged in acts of trespass, vandalism, harassment, and intimidation against R.B., J.C., F.W., and F.T., as reflected in" Berkeley Police Department and UC Berkeley Police Department reports. The bill of particulars does not allege that Buddenberg participated in this incident, and it does not assert that the Khajavi, Pope, or Stumpo made any threats. Each of the

1 | other six paragraphs of the bill of particulars includes (or omits) similar information.

**II. Applicable law**

An indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). It is generally enough for the indictment to track the words of the charging statute, "as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling,* 418 U.S. at 117 (internal citation omitted); *see also United States v. Davis*, 336 F.3d 920, 922-23 (9th Cir. 2003). "The test for sufficiency of the indictment is 'not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'" *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (quoting *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000)). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993).

A bill of particulars has the same core purposes as an indictment:

> [T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such a purpose.

*United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (internal quotation marks and citation omitted); *see United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("A…bill of particulars is appropriate where a defendant requires clarification to prepare a defense."). A defendant is not entitled to a bill of particulars to obtain the names of unknown conspirators or delineate all uncharged overt acts that constitute the charged activity. *See United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985). To determine whether the government should be

U.S. OPPOSITION TO MOTIONS TO DISMISS AND FOR BILL OF PARTICULARS
CR 09-263 RMW                                      4

required to provide a bill of particulars, a court should examine all disclosures made by the government, including information provided in discovery. *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *Long*, 706 F.2d at 1054.

### III.    The indictment is facially sufficient

Here, the conspiracy count tracks the statutory language of 18 U.S.C. §§ 371, 43(a)(1) and (2)(B).  The indictment also limits the time frame of the conspiracy from in or about October 2007 to in or about July 2008.  As set forth above, the indictment lists three specific overt acts charged against the defendants.  These three overt acts provide the defendants fair notice of the conspiracy charge.  *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (government not required to disclose all overt acts of a conspiracy).

Similarly, the second count of the indictment tracks the statutory language of 18 U.S.C. § 43(a)(1), (a)(2)(B), and (a)(2)(C) (attempt).  The indictment alleges all the following essential elements of this violation:

   1.  The defendants used or caused to be used a facility of interstate commerce;

   2.  For the purpose of damaging and interfering with the operations of an animal enterprise;

   3.  In connection with that purpose, the defendants did intentionally place and attempt to place a person in reasonable fear of death of and serious bodily injury to that person, a member of the immediate family of that person, and a spouse and intimate partner of that person;

   4.  By a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment, and intimidation.

The statute's language, which the Court previously found neither vague nor overbroad, places the defendants on notice of the four essential elements of the charge.  While this statute is, in part, a threat statute, it also requires the government to prove that the defendants engaged in an unlawful course of conduct.  However, the indictment need not allege the specific acts of threats, vandalism, property damage, trespass, harassment, and intimidation in that course of conduct. Moreover, the government provided over 3,000 pages of discovery and a bill of particulars identifying the nature of eight specific incidents to assist them in preparing for trial. The bill of particulars provided the defendants with more than adequate notice of the charges against them.

*See United States v. Haas*, 583 F.2d at 221 (reversing dismissal of indictment that failed to allege information constituting threat to grand juror, and finding bill of particulars proper remedy). While the law is clear that a bill of particulars cannot cure an invalid indictment, *Russell v. United States*, 369 U.S. 749, 770 (1962), it can provide additional information on the nature of the charges to eliminate surprise at trial and enable the defendant to prepare his defense. *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *United States v. Giese*, 597 F.2d at 1180-81 (defendant had sufficient information on the charges to prepare for trial, avoid surprise, and plead double jeopardy based on the indictment and discovery). Indeed, as the Ninth Circuit has made clear, that is the purpose of a bill of particulars, and it would make little sense to dismiss an indictment for lack of notice when the government has filed a bill of particulars that provides a detailed recitation of the incidents that the government will seek to establish at trial.

Contrary to defendant Pope's "Three Amigos" argument (Pope Mot. to Dismiss at 4-5), the defendants could not be convicted for unwittingly placing one of the victims in fear. Section 43(a)(2) specifically requires the government to prove that the defendants "intentionally place[] a person in reasonable fear of death." Ninth Circuit Model Jury Instruction 8.16 also requires that the government prove beyond a reasonable doubt that there was an agreement between two or more people to commit the underlying crime. Therefore, the applicable jury instruction also requires proof of criminal intent. It would be simply impossible for the jury to find that the defendants caused the fear of death in somebody without having intended to cause that fear.

Defendants' argument that the indictment should be dismissed because it failed to allege that defendants' conduct did not violate the "rule of construction" set forth in 18 U.S.C. § 43(e)(1) is equally unavailing. *See* Pope Mot. to Dismiss at 5-6. Section 43 plainly differentiates between the elements of the offense and other statutory requirements. Section 43(a) is labeled "Offense" and thus sets forth the statutory elements. Although the statute is unusual in setting forth "rules of construction," Section 43(e) does not create an additional element of the offense. Instead, that section merely reinforces the truism that the defendants cannot be convicted based on conduct protected by the First Amendment. It is equivalent to a provision that states that defendants cannot be convicted based on evidence that must be suppressed based on the Fourth Amendment.

As the Supreme Court has explained, an indictment need not rebut such a statutory exception. "[A]n indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section of elsewhere." *McKelvey v. United States* 260 U.S. 353, 357 (1922); *see also United States v. Lowry*, 512 F.3d 1194, 1199 (9th Cir. 2008) (government not required to allege defendant's individual aboriginal title to federal lands which is exception to statute); *United States v. Gravenmeir*, 121 F.3d 526, 528 (9th Cir. 1997) (government not required to allege affirmative defense of lawful ownership of machine gun before effective date of subsection of statute). Here, the government will be required to prove that the defendants' speech and conduct constituted "true threats" unprotected by the First Amendment. That burden of proof applies regardless of the "rules of construction."

**IV.  The defendants' claim that they are unable to move to dismiss the indictment without further information does not provide a basis to dismiss the indictment or for an amended bill of particulars.**

Stumpo argues that the indictment does not provide sufficient information to allow the Court to determine the legal sufficiency of the indictment under the First Amendment. Stumpo Mot. to Dismiss at 6-9. Similarly, in his motion for an amended bill of particulars, Pope claims that the bill of particulars and the referenced police reports describe conduct that does not fall within the statute and that may be protected by the First Amendment. Accordingly, he seeks an order directing the government specifically to identify the threats, vandalism, trespass, intimidation, or harassment in which he allegedly engaged, so that he can move to dismiss the indictment on the ground that it violates the First Amendment as applied. Pope Bill of Particulars Mot. at 12; *see also id*. at 22 (asserting that the government may argue that defendants violated the statute by writing "Torturing Animals Won't Cure Cancer" or chanting "Vivisectors go to hell").

As set forth above, the defendants have received all the information necessary to prepare their defense from the indictment, the existing bill of particulars, and the discovery provided by the government. Those disclosures have informed the defendants of precisely the actions the government will seek to prove to show that defendants engaged in the "course of conduct" prohibited by Section 43. Specifically, the bill of particulars informs the defendants of the eight

incidents that will form the basis for its proof.  For each incident, the government alleges the defendants involved, the acts in violation of the statute that the defendants are alleged to have committed, and the victim animal researchers.  Moreover, the bill of particulars provides information far beyond what an indictment usually provides by directing defendants to the specific police reports that describe these incidents.  In short, the indictment, bill of particulars, and discovery put defendants on notice of both the facts that the government will seek to prove and the significance of those facts for the elements of the offense.

Contrary to Pope's contention, moreover, the government is not required to provide a bill of particulars to allow a defendant to mount a legal challenge to the indictment.  As the Ninth Circuit has made clear, the purpose of a bill of particulars is to give a defendant sufficient information to meet the government's proof at trial.  *See United States v. Ayers*, 924 F.2d at 1483 (purpose of bill of particulars is "to avoid or minimize the danger of surprise at the time of trial").  Nothing in those cases – or in any case that Pope cites – suggests that the government must also provide a defendant with information to bring a motion to dismiss on legal grounds.  In fact, the Supreme Court has squarely held that a defendant is not entitled to discovery for that purpose.  *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("defense" in Federal Rule of Criminal Procedure 16 means defense to the government's case-in-chief, not a motion to dismiss the indictment).

Furthermore, even if Pope and Stumpo were correct that the government sought to introduce evidence of conduct protected by the First Amendment, the defendants would not be entitled to dismissal of the indictment.  As the indictment and the bill of particulars make clear, the government will rely on conduct that does not implicate the First Amendment to show that each defendant violated Section 43.  For example, the indictment alleges that Stumpo engaged in criminal trespass and harassment on two occasions.  Similarly, the bill of particulars alleges that Pope engaged in trespassing, vandalism, and harassment during several of the incidents.  That conduct does not violate the First Amendment.  *See Adderly v. Florida*, 385 U.S. 39, 42-44 (1966) (statute that prohibited trespass on jail grounds did not violate First Amendment); *United States v. Griefen*, 200 F.3d 1256, 1262 (9th Cir. 2000) ("vandalism can hardly be characterized

as an activity protected by the First Amendment"); *Dietemann v. Time, Inc.*, 449 F.2d 245, 249 (9th Cir. 1971) ("The First Amendment is not a license to trespass, to steal, or to intrude by electronic means into the precincts of another's home or office."). Accordingly, at this stage of the proceedings, the government has alleged conduct that, if proven, would support defendants' conviction under Section 43 regardless of the First Amendment. Requiring the government to identify conduct that may implicate the First Amendment therefore would not give the defendants a basis on which to seek dismissal of the indictment.

Finally, and most importantly, the defendants' arguments rest on a misapprehension of Section 43 and the government's burden of proof. The government must prove that the defendants engaged in a "course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment, or intimidation." As the bill of particulars explains, the government will rely on the defendants' conduct during the eight identified incidents to prove that "course of conduct." In some cases, the government will allege that the defendants' conduct as a whole during that incident amounted to threats, harassment, or intimidation. In other words, the government will not rely on any one of the defendant's acts, but will instead seek to prove that the defendant's conduct during the incident as a whole constituted a threat or an act of intimidation or harassment.

Under the government's theory, speech that could be protected by the First Amendment may be outside the First Amendment because it is part of a "true threat." As set forth in the United States' Opposition to Stumpo's Request for Determination on Scope of Relevant Evidence at Trial and Proposed Jury Instructions, which is being filed contemporaneously with this response, the determination whether defendants speech or expressive conduct amounts to a "true threat" depends on the context and defendants's intent. In turn, the question whether defendants had the requisite intent is a question for the jury based on all the evidence presented at trial. In *Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058, 1077-78 (9th Cir. 2002), for example, the en banc Ninth Circuit held that posters that did not "contain a threat on their face" nevertheless constituted a "true threat" because of the context in which they were posted or sent. By the same reasoning, defendants' chanting of slogans may

form part of a course of conduct that, when taken in context, amounts to a "true threat" or to intimidation that is outside the scope of the First Amendment. *See also United States v. Hart*, 212 F.3d 1067 (8th Cir. 2002) (placement of Ryder trucks in the victim's driveway constituted a threat because the victim knew that Ryder trucks had been used in the Oklahoma City bombing). Until the government presents its evidence at trial, the court and the jury will not have all the evidence necessary to determine whether defendants' otherwise protected conduct is outside the protection of the First Amendment because it constitutes a "true threat." If defendants are convicted, they may move to dismiss or for a new trial if they believe that the government has obtained their conviction based on conduct protected by the First Amendment, but there is no basis for moving for dismissal of the indictment at this stage. Accordingly, Pope's motion for an amended bill of particulars and Stumpo's motion to dismiss should be denied.[1]

## CONCLUSION

For the reasons set forth above, the defendants' motions to dismiss the indictment and for an amended bill of particulars should be denied.

Dated: May 21, 2010                    Respectfully submitted,

                                       JOSEPH P. RUSSONIELLO
                                       UNITED STATES ATTORNEY

                                       /s/
                                       _____
                                       Elise Becker
                                       Grant Fondo
                                       Assistant United States Attorneys

---

[1] Pope also complains that the bill of particulars "cannot possibly" inform him of the "course of conduct" the government will seek to prove because "paragraphs 3, 6 and 7" of the bill of particulars do not mention him. Mot. at 5. But Pope's omission from those paragraphs serves the purpose of a bill of particulars by putting him on notice that the government will not seek to prove that he was present during those incidents. Accordingly, Pope need not prepare to defend himself against that allegation, and he may only be held liable for it under a *Pinkerton* theory. *See Pinkerton v. United States*, 328 U.S. 640 (1946); *United States v. Montgomery*, 150 F.3d 983, 996-97 (1998); Ninth Circuit Model Jury Instruction 8.20.