Thomas J. Nolan, SBN 48413
Emma Bradford, SBN 233256
NOLAN, ARMSTRONG & BARTON LLP
600 University Avenue
Palo Alto, CA 94310
Telephone:   (650) 326-2980
Facsímile:    (650) 326-9704

Counsel for Defendant Adriana Stumpo

Matthew Struger
Rachel Meeropol, *pro hac vice*
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>     v.<br><br>ADRIANA STUMPO,<br><br>            Defendant. | Case No CR 09-263 RMW<br><br>**DEFENDANT STUMPO'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS AND BILL OF PARTICULARS**<br><br>Date:     June 7, 2010<br>Time:    9:00 a.m.<br>Dept:    Courtroom 6, 4th Floor<br>Judge:  Hon. Ronald M. Whyte |

**INTRODUCTION**

In defending against Stumpo's motion to dismiss the indictment for lack of specificity, the government asks this Court to ignore settled Supreme Court precedent by 1) disregarding entirely the requirement that an indictment ensure that a defendant is convicted on the same facts as led to the grand jury's indictment, 2) overruling the requirement that an indictment allow a court to make a threshold determination of legal sufficiency, and 3) re-writing precedent to allow a bill of

///

///

particulars to cure an insufficient indictment's lack of factual detail.  The lack of factual particularity in this indictment thus runs afoul of the key functions of Rule 7(c)(1), and must result in a dismissal.

## ARGUMENT

### I. The Indictment Fails to Assure the Defendant will be Prosecuted for the Same Facts that Lead to her Indictment.

The government completely fails to address one of the key functions of factual specificity in an indictment: the guaranty that the jury will convict on the same grounds for which the indictment was issued.  *See Stumpo Memo of Law* at 1, 12-13 (Dkt. No. 141); *Russell v. United States*, 369 U.S. 749, 770 (1962).  "To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him."  *United States v. Keith, 605 F.2d 462, 464* (9th Cir. 1979).  The government fails entirely to respond to this point and indeed, there is no argument that could salvage the present indictment's clear failure to provide this protection.  For this reason alone the Court must grant defendant's motion.

### II. The Indictment Fails to Inform the Court of the Facts Alleged, to Allow for Legal Sufficiency Review.

The government would have this Court disregard a second fundamental function of factual specificity as well. "It has long been recognized that there is an important corollary purpose to be served by the requirement that an indictment set out 'the specific offense coming under the general description."  This purpose, as defined in *United States v. Cruikshank*, 92 U.S. 542, 558 (1876), is 'to inform the court of the facts alleged, so it may decide whether they are sufficient in law to support a conviction, if one should be had.'"  *Russell v. United States*, 369 U.S. 749, 768-69 (1962). This threshold determination is properly made on a motion to dismiss.  *Id.* at 769 n. 15.

According to the government, defendants have no right to seek pre-trial review of the legal sufficiency of their indictment, because the question of whether their speech and conduct may be

punished as a "true threat" depends on context and defendants' intent, and intent is a question for the jury. This argument cannot be squared with *Russell*, or with First Amendment jurisprudence.

      As a general matter, it is correct that whether a statement amounts to a "true threat" is a question of fact best decided by a jury. *United States v. Merrill*, 746 F.2d 458, 462 (9th Cir. 1984). However, "a few cases may be so clear that they can be resolved as a matter of law, e.g., *Watts v. United States*, 394 U.S. 705 (1969)(conditional statement made at a political rally which provoked listeners laughter was merely 'political hyperbole,' and question should not have gone to jury.)" *Id.* at 462-63; *accord, United States v. Zavalidroga*, 156 F.3d 1241, 1998 U.S. App. LEXIS 15349, at *2 (9th Cir. 1998) (unpublished) (district court may dismiss indictment when the language was so facially insufficient that no reasonable jury could find that the language amounted to a true threat); *cf. United States v. Francis*, 164 F.3d 120, 123 n.4 (2d Cir. 1999) (whether a defendant's communication is a true threat rather than speech protected by the *First Amendment* is a threshold question of law, to be distinguished from the question of whether a reasonable person would interpret the communication as a true threat—a question for the jury at trial.); *United States v. Bly*, 510 F.3d 453, 457 (4th Cir. 2007) ("Whether a written communication contains either constitutionally protected 'political hyperbole' or an unprotected 'true threat' is a question of law and fact that we review de novo.").

      The indictment in this case is extraordinarily opaque. It lists three dates, and then regurgitates 18 U.S.C. § 43's statutory language. And now the government claims that this Court is powerless to penetrate that opacity. As such, this Court can *never* dismiss an indictment for true threats before trial, the government argues, because the surrounding context can make anything threatening. *United States' Opposition* at 9-10 (Dkt. # 159) ("Until the government presents its evidence at trial, the court and the jury will not have all the evidence necessary to determine whether defendants' otherwise protected conduct is outside the protection of the First Amendment because it constitutes a 'true threat.'") Under the government's theory, any threats indictment, whether or not it is based on speech, must necessarily proceed to trial, with the Court powerless to dismiss. *Id.* at 9-10 ("defendants' chanting of slogans may form part of a course of conduct that, when taken in context, amounts to a 'true threat' or to intimidation that is outside the scope of the

**DEFENDANT STUMPO'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS AND BILL OF PARTICULARS**
*United States v. Stumpo*, CR 09-263
3

First Amendment). According to the government, we should not worry because, should defendants proceed to trial and be convicted, the First Amendment will then kick in and allow them to move to dismiss or move for a new trial. *Id.* at 10.

The repercussions of this argument prove its fallacy. Imagine a factually sufficient indictment under the AETA based solely on a protest chant outside the home of a professor proclaiming, "animal experimentation is murder." The hypothetical indictment offers no reason to think that the phrase was a coded message of some sort, and asserts no unruly conduct by the protestors, but alleges that the chant was threatening, and instilled fear in the professor. Under the government's approach, this indictment would survive a motion to dismiss and the defendant would be required to face a jury trial, despite the fact that the above statement cannot possibly be a "true threat" under the relevant case law:

> "True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. The speaker need not actually intend to carry out the threat. . . . Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death.

*Virginia v. Black*, 538 U.S. 343, 359 (citations omitted)

Allowing a case like the above to proceed to trial pointlessly squanders judicial resources. And giving prosecutors *carte blanche* to force politically or socially unpopular individuals to trial on flimsy charges *based only on their speech* would have a markedly chilling effect on the same political speech the First Amendment was designed to protect.[1] It is no answer that a conviction might be dismissed or reversed, because the defendant would still be subjected to the emotional and financial toll of trial.[2]

---

[1] The likelihood of such prosecutorial abuse may be greater than we would like to believe. *See, e.g.,* Dan Eggen, "Ex-Attorney General Says Politics Drove Federal Prosecution; House Panel Evaluating Justice Dept.," The Washington Post, October 24, 2007 at A3. And juries unsympathetic to a defendant's politics might be all too ready to conclude that any offensive statement near the line was a true threat.

[2] "'[A]s a litigant,' Judge Learned Hand once observed, 'I should dread a lawsuit beyond almost anything else short of sickness and death.' L. Hand, The Deficiencies of Trials to Reach the Heart of the Matter, in 3 Association of the Bar of the City of New York, Lectures on Legal Topics 89, 105 (1926)." *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 642 (1985) (alteration by the Court). And Judge Hand was speaking of a *civil* lawsuit.

**DEFENDANT STUMPO'S REPLY TO GOVERNMENT'S OPPOSITION**
**TO MOTION TO DISMISS AND BILL OF PARTICULARS**
*United States v. Stumpo*, **CR 09-263**
**4**

1    While successful motions to dismiss may be the exception, not the rule, this has no import
2 for the pending motion.  Under *Russell*, an indictment must be sufficiently detailed to allow a
3 defendant to *make* a motion to dismiss, regardless of whether or not she will succeed.  By arguing
4 that defendants may press their First Amendment claims post-verdict, the government
5 acknowledges the present indictment does not allow for threshold legal sufficiency review, and
6 implicitly asks this Court to overrule settled precedent identifying legal sufficiency review as a
7 key function of a factually detailed indictment.  This the Court cannot do.

8    That defendant's speech and expressive conduct *may* be prosecuted as one piece of a larger
9 "course of conduct" which includes illegal conduct lacking First Amendment protection, does not
10 change this analysis.  First, and most fundamentally, neither defendants nor the Court can possibly
11 know whether the current indictment seeks to punish conduct that is separable from First
12 Amendment protected speech or expressive activity, because the indictment does not provide more
13 than generic descriptions.  The government argues, for example, that Stumpo is being charged for
14 "criminal trespass and harassment" that "does not implicate the first amendment."  *United States'*
15 *Opposition* at 8 (Dkt. # 159).   But harassment, certainly, is likely to include an expressive
16 element; and it is for the Court, not the government, to decide whether the First Amendment is
17 implicated.  And while the statute itself criminalizes conduct that need not contain an expressive
18 element, here the Government acknowledges that the prosecution rests, at least in part, on speech.
19 *Id.* at 9 ("Under the government's theory, speech that could be protected by the First Amendment
20 may be outside the First Amendment because it is part of a 'true threat.'").  "When the definition
21 of a crime or tort embraces any conduct that causes or might cause a certain harm, and the law is
22 applied to speech whose communicative impact causes the relevant harm" the Court must apply
23 First Amendment analysis.  *United States v. Cassel,* 408 F.3d 622, 626 (9th Cir. 2005); see also
24 *United States v. O'Brien*, 391 U.S. 367, 376-77 (1968) (discussing appropriate First Amendment
25 standard when "speech" and "nonspeech" elements are combined in the same course of conduct).

26    In conclusion, a defendant's ability to move to dismiss a legally insufficient indictment
27 pre-trial provides essential protection from overzealous or politically motivated prosecution.  This
28 protection is especially important in the context of speech-based crimes.  Where an indictment

**DEFENDANT STUMPO'S REPLY TO GOVERNMENT'S OPPOSITION
TO MOTION TO DISMISS AND BILL OF PARTICULARS**
*United States v. Stumpo***, CR 09-263**
**5**

does not provide sufficient detail to allow the defendant to make, and the Court to consider such a motion, it must be dismissed.

### III. The Indictment Fails to Provide Sufficient Factual Detail to Allow the Defendant to Prepare her Defense; this Cannot be Cured by Provision of a Bill of Particulars.

The government seeks to defend its indictment primarily by arguing that, because the indictment tracks the language of the statute, thereby alleging in general terms each element of the offense, adequate notice is provided to the defendant. *See United States Opposition* at 5 (Dkt. # 159). But as Stumpo pointed out in her opening memorandum, "where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species,--it must descend to particulars." *Russell*, 369 U.S. at 768, *citing United States v. Cruikshank*, 92 U.S. 542, 558 (1876).

The government makes no attempt to distinguish the many cases, cited by defendant, applying this principle to dismiss indictments analogous to that in the current case. *See Stumpo Memorandum* at 4-6. The government is correct that its indictment provides a time frame for the conspiracy count, and tracks the statutory language for each charge. But so did the indictments in *United States v. Cuevas*, 285 Fed. Appx. 469 (9th Cir. 2008), *United States v.* Nance, 533 F.2d 699 (D.C. Cir. 1976), *Lowenberg v. United States*, 156 F.2d 22, 22-23 (10th Cir. 1946), *United States v. Wagner*, No. 83-CR-122, 1984 U.S. Dist. LEXIS 20481, *2 (N.D.N.Y. Jan. 12, 1984), and *United States v. Simplot*, 192 F. Supp. 734 (D. Utah 1961). And what was found missing from each of these indictments, and is equally missing from the government's indictment here, is a statement of the specific conduct that is the basis of this prosecution.

The law is clear that discovery and/or a bill of particulars *cannot* cure an indictment that fails to provide this required factual detail. *See, Stumpo Memorandum of Law* at 10; *citing Russell*, 369 U.S. at 770; *United States v. Fleming*, 215 F.3d 930, 935 (9th Cir. 2000). While the government acknowledges this black letter law, they inexplicably ask the Court to do just that. *See United States' Opposition* at 6 (Dkt. 159), *citing United States v. Haas,* 583 F.2d 216 (5th Cir. 1978). In *Haas*, the Fifth Circuit reversed the district court's dismissal of an obstruction of justice

**DEFENDANT STUMPO'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS AND BILL OF PARTICULARS**
*United States v. Stumpo*, CR 09-263
6

1  indictment, noting that the bare allegation of the indictment did not fully meet the government's

2  obligation to permit the defendant to prepare a defense, but this could be cured by a bill of

3  particulars.  *Id.* at 221.  That holding cannot be squared with the weight of precedent, and should

4  not be relied upon by this Court.  Moreover, even if a bill of particulars could cure a deficient

5  indictment, the bill here cannot, as it too, does little more than recite the generic terms of the

6  charging statute.

## CONCLUSION

For the foregoing reasons, the indictment against defendant Stumpo should be dismissed.

Respectfully submitted,

/s/

Dated: May 28, 2010

Thomas J. Nolan, Esq.
Emma Bradford, Esq.
NOLAN, ARMSTRONG & BARTON, LLP
Attorneys for Defendant
Adriana Stumpo

/s/

Dated: May 28, 2010

Rachel Meeropol, *pro hac vice*
Center for Constitutional Rights

**DEFENDANT STUMPO'S REPLY TO GOVERNMENT'S OPPOSITION
TO MOTION TO DISMISS AND BILL OF PARTICULARS**
*United States v. Stumpo*, CR 09-263
7